Peck, J.
delivered the opinion of the court.
Did the court err in refusing the evidence offered to establish the set off? We are of opinion that in this there was error. By our act of 1756, ch. 4, demands may be set off, the one against the other, without regard to the nature of the security, so that the sum demanded and to be set off be certain. The sum to be set off cannot be material, so that the justice has jurisdiction of the balance which may be found due. The words of the act of 1815, ch. 53, are, “It shall be lawful for any justice tif the peace, when suit may be brought before him, and *234 the defendant shall plead a set off, and on fair examination - , . • , n . . . . . , of their accounts, it shall appear to said justice, that there is a balance due in favour of defendant, then and in that case it shall he lawful for him to enter up judgment against said plaintiff for the sum that may appear due to said defendant.” The words of the act cover the case, and are certainly broad enough to let in the evidence and an examination of the accounts, so as to put a final end to the controversy touching the matters of account at least. This was the object of the act; and the plaintiff, who brings the warrant for a sum within the jurisdiction, and which, when met by a set off, leaves a sum of which the justice could take cognizance, is left by the act without any sufficient plea why judgment should not be rendered against himself. The acts are founded upon principles of equity; are wise in their provisions, and have been constantly enforced according to their spirit. The judgment was erroneous and must be reversed, and the cause remanded for another trial to be had therein, in accordance with this opinion.
Judgment reversed.